IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

MICHAEL DEWAYNE ANDERSON, Et,Al.,
        Plaintiff, (s)

VS.

CIVIL ACTION NO.#_____
"[Supplied By The Court Clerk]"

2:07 cv 339 - mht

BOARD OF PARDONS AND PAROLES, ET.AL.,
GOVERNOR BOB RILEY, ET.AL.,
COMMISSIONER RONALD ALLEN, ET.AL.,
OFFICE OF THE ATTORNEY GENERAL, ET.AL.,
        Respondents.

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, § 42 U.S.C. § 1983,
42 U.S.C.S. § 1985 AND 42 U.S.C.S. § 1981, UNDER
THE UNITED STATES CONSTITUTION**

**JURISDICTION;**

    This Honorable Court has Jurisdiction to entertain this Civil Action by virtue of its Authority to Entertain Civil and Constitutional Violations Subjected to this District of Alabama;

**STATEMENT OF THE FACTS**

    The plaintiff *'[Michael D.Anderson]'* was considered for "*[Parole]*" on *February 14th, 2007*, before the Board of Pardons and Parole. The Plaintiff has served more than *'(10)'Ten-Years,* and only had two disciplinaries within that time, and they:"Disciplinaries" were given unto him while in Mississippi Prison for assisting another inmate with a legal affair. The Parole Board Members, and two members of the Attorney Generals Office, used false information for determining the Plaintiff's Parole.

1

## ARGUMENT IN SUPPORT OF PETITION

On February 14th, 2007, the Parole Board members convened in an open meeting of determining Parole for the . . . Plaintiff in this action, Where these Members made a decision without having knowledge of what they were making a consideration on. The Parole Board Members were told at the hearing by members of the Attorney Generals Office, that the Plaintiff had been in trouble four (4) times with the system, which was not a true statement.

The Plaintiff only has (3) Three Citations in the Alabama Prison System, Which are as follows:

[A],"March 29th, 1998, Rule # 85-Wearing some cut off short pants;

[B],"August 14th, 2001,Rule # 64-Having A Kitchen Sandwich in my box;

[C],"August 28th, 200, Rule # 64-Having Bread-Pudding in my box;

The Parole Board didn't have a clue as to what these rule violations meant, and they just go by what they are told, Citations are only warning without the prison system, and has no weight at all, *"See Exhibit #1;*

The Plaintiff has served almost (11) Eleven Years on his prison sentence of life, and has complied with the rules and regulations, which has been established by the Department of Corrections. It is a deliberate cruelty of the Parole Board Members, not to know the rules, regulations, and a procedure that has been set for prison inmates, that would give them no insight as to what they are ruling on.

The Enacted and mandated statute under the *Code of Alabama 1975, Section § 15-22-28(E), States:*

"That an inmate should only serve 10-years or one third of his sentence, which ever is lesser, but the parole Board Members are not aware of this statute, And the guide- line setting that is set for an inmate to achieve is only a false pretense, Because if one does stay in compliance with the rules and regulations, he still can be set off for up to five (5) Years still. *"See Exhibit #2(a)(b);*

It is a deliberate cruelty, and cruel and unusual punishment, that plaintiff had made it all the way to an Honor Camp, received no disciplinaries while there, and was made to start all over again because he was set off for Parole for (5) five years, *"See Exhibit #2(a)(b);*

The Parole Board Members also conspired with the Director of Classification *"Paul Whaley II"*, Where he has stated that he knows that the Parole Board would not Grant the plaintiff

2

Parole. Paul Whaley speaks of his experience with the Parole Board, which shows from his affidavit before this Court, that he has a 'Communication and influence on decisions made by Parole Board Members', *"See Exhibit #3(a)(b)(c)."*

The Actions that the Governor and Commissioner has allowed the Parole Board Members to take with the plaintiff and other inmates in Alabama's Crowed Prison System, has allowed them to have the power of a Judge and Jury. The Parole Board Member's now has the power to hand out sentence's of (5) five years at a time, and does not have to give any valid reason for their actions taken. The Plaintiff has a Constitutional Right to be faced with his accused under the Fifth Amendment, therefore, he needs to face Parole Board Members in order to defend the allegations that Board Members display before the hearing of the actions that he has supposedly done while incarcerated.

This is a well devised plan that the State of Alabama and it's agent has set up under the disguise of the Modern Day Slavery which exist in Alabama, Where rules, regulations, laws, and statutes have no meaning but to the man that can influence the members of the Judicial Members. A perfect example on this influence is "Jason D. Barco, A White inmate with a New Murder Case, and (4)-prior's; CC-05-0561 CPN.

**[1],"Burglary First 1997; MGM**

**[2],"Theft of Property First 1997; MGM**

**[3],"Attempted Murder 2000; MGM**

**[4]," Discharging Gun In Occupied Vehicle 2000; MGM**

This same inmate plea bargained with the State of Alabama on August 27th, 2005 for a 15-split-3-year sentence for "Murder", and this is what *'equal protection of the constitution means in Alabama, See Exhibit #4(a)(b)(c)(d);*

The Governor, Commissioner, Court Judges, has constantly used these prejudicial and Discrimitory Practices against the plaintiff, and many more *"Blacks within Alabama's Slave Modification".* The Plaintiff has stated within the bounds of moderation of the prison rules and regulations, but the Overcrowded System is still favoring whites with lesser sentences than Black Inmates received.

The plaintiff would like a *"Through Investigation to be made into the Parole Board granting of how many whites has been released on Parole in the last (3) three years",* and the category of offense charged, and how many Blacks Released, and the category of offense charged.

The Parole Board Members are even at a confused state of mind in trying to cover up certain illegal acts, the press released this before the Public Viewers. *"See Exhibit #5;*

### RELIEF SOUGHT

The Plaintiff would ask to be brought back up for "Parole", and be Televised before the Board, or be taken to the meeting to be faced by my accused, and be able to defend my Constitutional Rights Guaranteed by The United States Constitution.

DONE THIS  12th  DAY OF  April  2007.

### "CERTIFICATE OF SERVICE"

I hereby Certify I Have Served A True And Correct Copy Upon The Following By Placing The Said Same In The U.S. Mail Postage Prepaid And Properly Addressed, Done This The,  12th  day of,  April  2007.

OFFICE OF THE CLERK
UNITED STATES COURTHOUE
P.O. BOX 711
MONTGOMERY, ALABAMA
           36101

RESPECTFULLY SUBMITTED,

*Michael W. Anderson*

4



Mr. Michael D. Anderson #156270
Limestone Corr. Facility I-Dorm A-12
28779 Nick Davis Rd.
Harvest, Alabama 35749-7009

HUNTSVILLE AL 358
17 APR 2007 PM

Clerk Of United States District
Middle District Of Alabama
P.O. Box 711
Montgomery, Alabama 36101

```
CBR716-3                3AMA DEPARTMENT OF CORREC...S           INST:   069
                        INMATE SUMMARY AS OF 02/04/2004         CODE:   CDRVK
```

************************************************************************

```
AIS: 00156270A   INMATE: ANDERSON, MICHAEL DEWAYNE       RACE: B  SEX: M

INST: 069 - ELMORE CORRECTIONAL FACILITY      DORM:  00   JAIL CR: 000Y 06M 27D

DOB: 03/30/1962  SSN: 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                     PREVIOUS AIS: P0030855

ALIAS: "LOWRIDER",                   ALIAS: ANDERSON, MIKE

ADM DT: 03/05/1997  DEAD TIME: 000Y 00M 00D

ADM TYP: LIFE SENTENCE                        STAT: REMOVED FROM SEGREGATION

CURRENT CUST: MIN-9   CURRENT CUST DT: 08/15/2003  PAROLE REVIEW DATE: AUG 2006

SECURITY LEVEL: (4) FOUR

SERVING UNDER ACT446 LAW IN CLASS IV         CURRENT CLASS DATE:  03/05/1997
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

COUNTY       SENT DT    CASE NO    CRIME                JL-CR     TERM
MOBILE       03/05/97   N96001980  MURDER               0207D     LIFE      CS
     ATTORNEY FEES : $000900      HABITUAL OFFENDER : N
     COURT COSTS   : $000638      FINES : $000000     RESTITUTION : $0002263

TOTAL TERM      MIN REL DT      GOOD TIME BAL    GOOD TIME REV    LONG DATE
  LIFE          00/00/0000                                        99/99/9999

INMATE LITERAL:
```
************************************************************************

```
DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
```
************************************************************************

```
ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE O.B.S.C.I.S. RECORDING BEGAN IN 1978
```
************************************************************************

```
DISCIPLINARY/CITATION SUMMARY

>> DISCIPLINE: 01/21/2004   TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                       AT INST: 352   RULE NUMBER: 91
   RETAINED DAYS: 0000   SEQ #: 05   RULE LIT: CONSPIRE TO VIOLATE DOC INSTIT. R

>> DISCIPLINE: 01/21/2004   TIME LOST: 00Y00M00D   CUST FROM MIN9 TO MIN9
   DISCIPLINE TYPE: MAJOR                       AT INST: 352   RULE NUMBER: 92
   RETAINED DAYS: 0000   SEQ #: 04   RULE LIT: AID & ABETTING ANOTHER TO VIO. DO
```

*Tutwiler, Mississippi*                  CONTINUED ON NEXT PAGE

```
CBR716-3                 ALABAMA DEPARTMENT OF CORRECTIONS           INST:  069
                         INMATE SUMMARY AS OF 02/04/2004             CODE: CORVK


************************    CONTINUATION    ************************

AIS: 00156270A   INMATE: ANDERSON, MICHAEL DEWAYNE        RACE: B  SEX: M

************************************************************************

DISCIPLINARY/CITATION SUMMARY

  >> CITATION: 08/28/2002                       CUST FROM MED9 TO MED9
     CITATION TYPE: BEHAVIOR CITATION    AT INST: 002    RULE NUMBER: 64
  RETAINED DAYS: 0000    SEQ #: 03   RULE LIT: POSSESSION OF CONTRABAND

  >> CITATION: 08/14/2001                       CUST FROM MED9 TO MED9
     CITATION TYPE: BEHAVIOR CITATION    AT INST: 002    RULE NUMBER: 64
  RETAINED DAYS: 0000    SEQ #: 02   RULE LIT: POSSESSION OF CONTRABAND

  >> CITATION: 05/29/1998                       CUST FROM MED9 TO MED9
     CITATION TYPE: BEHAVIOR CITATION    AT INST: 040    RULE NUMBER: 85
  RETAINED DAYS: 0000    SEQ #: 01   RULE LIT: VIOLATION OF INSTIT. RULES OR REG
```



FEB 2004 RECEIVED

## DETENTION NOTIFICATION

To: **Michael Anderson** AIS #: **B/156270**

This is to inform you that you are presently being investigated

By **Lee Caldwell, Correctional Sgt.**

For **RE CLASS**

As a result of this, we are placing you in a single cell pending completion of the investigation. I am giving you notice that this investigation may take 72 hours. This time excludes weekends and holidays. Prior to the end of the 72 hours, you will be served a disciplinary, served an extension of the investigative hold or evaluated for re-classification purposes due to the severity of your actions/behavior. If a Disciplinary Recruit, your status will be reviewed by the Warden/Designee. Upon completion of this evaluation you will either be released with or without administrative action taken or found to be in violation of rules or criteria and transferred to another facility for re-classification or you will be returned to the Sentencing Judge in the Sentencing County (D.R. only).

By your signature below, you acknowledge receipt of a copy of this notice.

| _[signature]_ 156270 | 2-20-07 | 3:25 |
|---|---|---|
| Inmate's Signature | Date | Time |

| _[signature]_ | 2/20/07  3:23 pm | _[signature]_ Kenny Warr CO II |
|---|---|---|
| Serving Officer | Date / Time | Warden's Designee |

The Investigating Official will be responsible for initiating appropriate administrative action and ensuring that all concerned are notified.

CC:   Warden
       Captain
       Institutional File
       Inmate

ANNEX B to SOP F-35

ALABAMA DEPARTMENT OF CORRECTIONS
24 HOUR ADVANCE NOTIFICATION
OF PENDING RECLASSIFICATION

TO: Anderson, Michael D.          156270-A        B/H    mo 07    March 2007
    Name                           AIS#            R/S              DATE

Notice of Reclassification: This is to inform you that on the 8th day of March 2007 you will meet a reclassification team to consider you for a change in custody and/or institutional assignment because:

You were denied parole in February 2007 and your parole review (set) was set off until February 2012. Based on current classification criteria (p.32, para. 6) inmates convicted of homicide must be within three years of EOS or parole review date in order to be eligible for minimum custody. You are serving on a life sentence and your 2012 PRD makes you ineligible for minimum custody. You were approved for removal from level II camp for return to a major facility for reclassification. You will meet with a reclass team to upgrade your custody to medium and your security level to 4.

This is not a disciplinary hearing. A reclassification team will review this matter and recommend any changes, if needed, in your current custody level, security level, and/or placement. At the reclassification meeting, you will be given opportunity to be heard, to present witnesses, and to present any documentary evidence which you may have.

_____          _____          _____
NAME OF SERVING OFFICER           DATE              WITNESS

I UNDERSTAND THAT THIS IS MY NOTICE OF A RECLASSIFICATION MEETING TO DETERMINE CHANGES IN MY CUSTODY LEVEL, SECURITY LEVEL AND/OR PLACEMENT. I HAVE BEEN GIVEN THE OPPORTUNITY TO CALL WITNESSES IN MY BEHALF AND HAVE RECEIVED A COPY OF THIS NOTICE ON ___ day of MARCH ___ AT 12:15 pm (time).

_____          _____
Inmate's Signature                AIS#

Witnesses Requested by Inmate:              No Witnesses Requested: _____

DISTRIBUTION: INMATE/ INSTITUTIONAL FILE/ CENTRAL FILE

STATE OF ALABAMA:                CIVIL ACTION NO. 06-895
MONTGOMERY COUNTY:               ANDERSON, MICHAEL #156270A

## AFFIDAVIT

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 27 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9 ½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 13 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

Inmate Michael Anderson #156270A is a violent and repeat criminal currently serving life in prison for murder.

In his complaint, inmate Anderson challenges the validity of his custody change and alleges discrimination because he was not handed a transfer to a less restrictive institution merely because he so demands. He further attempts to ameliorate the severity of his prior acts of violence by not only citing how long ago they occurred, but alleging that there was no victim injury. Finally, he rationalizes his crime of murder by alleging he was merely "protecting" his son.

What are the facts? There is no issue of "validity" of a custody change because none occurred. Further, the parole review upon which Anderson seems to place so much stock is but his first on a life sentence and the probability that parole will be granted then



Page 2 Anderson, Michael #156270A

or anytime in the foreseeable future by the Pardon and Parole Board is, from my experience, exceedingly unlikely. The prior crimes of violence which Anderson treats in such a cavalier and nonchalant manner were, in fact, serious crimes of record. The "theft" case occurred on probation and was, in fact, an act of violence that involved elements of a car-jacking. The victim was shot in the finger and threatened with a knife. The murder is a matter of record and regardless of whatever effort Anderson may wish to rationalize his act, the conviction of murder speaks to the intent and the victim is no less dead. The act of murder appears to have been committed in front of Anderson's own son as well.

All less restrictive placements, programs, and custodies are privileges to which no criminal offender enjoys any right or entitlement of consideration, let alone participation. Michael Anderson is a violent societal predator. His sentence for the murder was intended not only as punishment, but to remove him from free society for a significant period of time. With a life sentence, that means unless paroled, he will die in an appropriate institutional facility commensurate with both his crime and security needs.

As with any other murderer, Anderson is barred from ever being considered for work release (community custody). The best he can hope to ever achieve is assignment to a custody or placement in a minimum institution which could afford him unsupervised contact with the public. Based on this complaint which is clearly indicative of a definite lack of any sense of responsibility or awareness of the depth and severity of his criminal actions, it is clear to any reasonable person that Anderson still poses a significant risk to society. The denial was appropriate. Not acceding to the opinions or demands of Anderson does not constitute any violation of guidelines nor violate any right he alone may believe himself entitled. The primary directive of the Alabama Department of Corrections is to insure the protection of the public and to that end all determinations of classification must and will be predicated.

Inmate Michael Anderson is still dangerous. He has shown not only a complete contempt for the law and the rights of those who have had to bear his criminal depredations over many years, but demonstrated to the satisfaction of the ADOC that he intends not to do so. This is not to say that one day he may not achieve in the future that which he thinks himself entitled now, but less restrictive are simply not handed out by

Page 3 Anderson, Michael #156270A

demand to criminal offenders. No right of this inmate has been violated.

                                              Paul Whaley II

STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 12th day of May, 2006.

                                              Notary Public

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,            )
    Plaintiff,            )
                      )
V                             )    CC NO. 05-0561-CNP
                      )
JASON D. BARCO,            )
    Defendant.            )

## NOTICE OF
## DISCOVERY TO DEFENDANT,
## INTENT TO USE PRIOR CONVICTIONS,
## INTENT TO INVOKE SENTENCING ENHANCEMENTS,
## INTENT TO OFFER PROOF BY A CERTIFICATE OF ANALYSIS, and
## MOTION FOR DISCOVERY BY THE STATE

COMES NOW the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and gives notice as to the following:

[✓] 1.    Pursuant to Rule 16.1, A.R.Cr.P., and as otherwise required by law, all available discovery has been provided or made available to the Defendant's counsel of record. Physical evidence, photographs, video tapes of crime scene and/or statements of Defendant if any, are in the custody of the investigating law enforcement agency or the Alabama Department of Forensic Sciences. Arrangements for copies of photographs and/or video tapes or inspections of physical evidence may be made by contacting the undersigned.

The State has furnished a copy of the discovery to Defense Counsel. This material is page numbered sequentially from 000001 to __474__. (Pages __361-364, 385-388__ have not been provided as they are either work product and/or NCIC, which cannot be provided pursuant to state law, unless ordered by the Court.) The State of Alabama considers this discovery material to have been received **in its entirety** by Defense Counsel unless promptly notified in writing of any discrepancies.

[✓] 2.    The State intends to use at trial any and all prior convictions, crimes, wrongs, or acts of the Defendant for those uses permitted by Rules 404(b) and 609 of the A.R.E., and as otherwise allowed by law. The State is presently aware of, and intends to use, the following:

Burg. I   1997   mgm
Top I     1997   mgm
Att. Murder  2000  mgm
Discharging Gun OCC veh  2005 mgm

1

[✓] 3.   The State intends to invoke all sentencing enhancements required or permitted by law, including, the Habitual Felony Offender Act based on any applicable felony convictions, known and/or any convictions which may subsequently be discovered and/or disclosed. And, if applicable, the following:

   (✓) Enhancement for use of firearm or deadly weapon. Minimum term of imprisonment of _20_ years.
   (___) Five Year Enhancement for Sale of Drugs within three (3) miles of a school, 13A-12-250.
   (___) Five Year Enhancement for Sale of Drugs within three (3) miles of housing project, 13A-12-270.
   (___) $1,000.00 Fine, 13A-12-281.
   (___) $2,000.00 Fine, 13A-12-281.
   (___) Suspension of Driver's License, 13A-12-290.
   (___) Five Year Enhancement for Possession of Firearm, 13A-12-231(13).

[___] 4.   Pursuant to Sections 12-21-300 through 303, Code of Alabama, written notice is hereby given of the State's intent to offer proof by a certificate of analysis in lieu of direct testimony. The certificate of analysis is from the Alabama Department of Forensic Sciences and is included in the provided discovery material.

[✓] 5.   Pursuant to rules 16.2 and 16.4(c), A.R.Cr.P., and as otherwise required by law, the State requests a copy of all discovery to which it is entitled and hereby moves this Honorable Court for an order granting same to the State.

Respectfully submitted, this _16_ day of April 2005.

ELEANOR I. BROOKS
District Attorney

by: _____
DARYL D. BAILEY
Chief Deputy District Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above and foregoing was served upon the Honorable Barry Teague, Counsel for the Defendant, by hand delivery; or by placing same in the appropriate Courthouse Box; or by posting same in the United States mail, postage prepaid and properly addressed to said Counsel; on this the _16_ day of April 2005.

by: _____
DARYL D. BAILEY
Chief Deputy District Attorney

2

| State of Alabama<br>Unified Judicial System<br><br>Form CR-51(front)   Rev. 7/02 | **EXPLANATION OF RIGHTS AND PLEA OF GUILTY**<br>(Non-Habitual Offender — Felony and Misdemeanor<br>Circuit or District Court) | Case Number<br><br>CC 05-561-PR |
|---|---|---|

IN THE _CIRCUIT_ COURT OF _MONTGOMERY_, ALABAMA
       (Circuit or District)                                    (Name of County)

STATE OF ALABAMA v. _JASON DEREK BARCO_
                                            Defendant

**TO THE ABOVE-NAMED DEFENDANT:** The Court, having been informed that you wish to enter a plea of guilty in this case, hereby informs you of your rights as a criminal defendant.

**PENALTIES APPLICABLE TO YOUR CASE**

You are charged with the crime of _Reckless Murder_ which is a Class _A_ ☒ Felony ☐ Misdemeanor. The Court has been informed that you desire to enter a plea of guilty to ☐ this offense or ☐ to the crime of _____ which is a ☒ felony ☐ misdemeanor. The sentencing range for the above crime(s) is set out below:

| MISDEMEANOR | | FELONY | |
|---|---|---|---|
| Class A | Up to one (1) year imprisonment in the county jail, or a fine up to $2,000, or both. | Class A | Not less than ten (10) years and not more than life or ninety-nine (99) years imprisonment in the state penitentiary, and may include a fine not to exceed $20,000. |
| Class B | Up to six (6) months imprisonment in the county jail, or a fine up to $1,000, or both. | Class B | Not less than two (2) years and not more than twenty (20) year imprisonment in the state penitentiary, and may include a fine not to exceed $10,000. |
| Class C | Up to three (3) months imprisonment in the county jail, or a fine not to exceed $500, or both. | Class C | Not less than one (1) year and one (1) day, and not more than ten (10) years imprisonment in the state penitentiary, and may include a fine not to exceed $5,000. |

**Crime Victims Assessment:** You will also be ordered to pay an additional monetary penalty for the use and benefit of the Alabama Crime Victims Compensation Commission of not less than $50 and not more than $10,000 for each felony and not less than $25 and not more than $1,000 for each misdemeanor for which you are convicted.

This crime is also subject to the following enhancements or additional penalties as provided by law: (Provisions Checked Apply To Your Case)

☐ **Enhanced Punishment For Use Of Firearm Or Deadly Weapon:** Section 13A-5-6, Ala. Code 1975, provides for the enhancement of a punishment where a "firearm or deadly weapon was used or attempted to be used in the commission of a felony." This section provides for the following punishment in such event: For the commission of a Class A Felony, a term of imprisonment of not less than 20 years; For the commission of a Class B Felony, a term of imprisonment of not less than 10 years; For the commission of a Class C Felony, a term of imprisonment of not less than 10 years.

☐ **Enhanced Punishment for Drug Sale Near School:** Section 13A-12-250, Ala. Code 1975, provides that any person who is convicted of unlawfully selling any controlled substance within a three (3) mile radius of a public or private school, college, university or other educational institution, must be punished by an additional penalty of five years' imprisonment for each violation.

☐ **Enhanced Punishment For Sales Of Controlled Substance To One Under 18:** Section 13A-12-215, Ala. Code 1975, provides that anyone convicted of selling, furnishing or giving away a controlled substance to one who has not yet attained the age of 18 years, shall be guilty of a Class A Felony and the punishment imposed shall not be suspended or probation granted.

☐ **Drug Demand Reduction Assessment Act and Loss of Driving Privileges:** Section 13A-12-281 provides that, if you are convicted of a violation of Sections 13A-12-202, 13A-12-203, 13A-12-204, 13A-12-211, 13A-12-212, 13A-12-213, 13A-12-215 or 13A-12-231, Ala. Code 1975, you shall be assessed an additional fee of $1,000 if you are a first-time offender or $2,000 if you are a repeat offender under one of these sections. Collection of all or part of the penalty will be suspended if, with court approval, you enter a drug rehabilitation program and if you agree to pay for a part or all of the program costs. Upon successful completion of the program, you may apply to the court to reduce the penalty by the amount actually paid by you for participation in the program. Any suspension of the penalty can be withdrawn by the court if you fail to enroll in or successfully pursue or otherwise fail to complete an approved program. In addition, pursuant to Section 13A-12-214 (unlawful possession of marijuana in the second degree), Section 32-5A-191(a)(3) or Section 32-5A-19 1(a)(4)(DUI offenses involving drugs), you will lose your privilege to drive a motor vehicle for a period of six months, which shall be in addition to any suspension or revocation otherwise provided by law.

☐ **Alcohol/Drug Related Offenses:** If you are convicted of an alcohol or drug-related offense, you will be required to undergo an evaluation for substance abuse. Based upon the results of any such evaluation, you will be required to complete the recommended course of education and/or treatment and to pay for the evaluation and any program to which you are referred. Failure to submit to an evaluation or failure to complete any program to which you may be referred will be considered a violation of any probation or parole you may be granted. You may also be required to attend monitoring sessions, including random drug and alcohol testing or blood, urine and/or breath tests and to pay a fee for this service. You may request a waiver of part or all of the fees assessed if you are indigent or for any portion of time you are financially unable to pay. Community service may be ordered by the court in lieu of the monetary payment of fees by an indigent.

Original - Court File    Copy - Defendant    Copy - District Attorney    Copy - Defense Attorney


| Form CR-51 (back)   Rev. 7/02 | EXPLANATION OF RIGHTS AND PLEA OF GUILTY (Non-Habitual Offender – Felony and Misdemeanor – Circuit or District Court) |
|---|---|

☐ **DNA Samples for Criminal Offenses in Section 36-18-24:** Beginning May 6, 1994, Section 36-18-25(e), Ala. Code 1975, provides that, as of May 6, 1994, all persons convicted of any of the offenses set out in Section 36-18-24, shall be ordered by the court to submit to the taking of a DNA sample or samples.

☐ **DUI Offenses:** Beginning October 1, 1993, if you are convicted of a DUI offense pursuant to Section 32-5A-191, Ala. Code 1975, an additional fine of $100.00 will be assessed pursuant to Section 32-5A-191.1, Ala. Code 1975.

☐ **Drug Possession:** Beginning October 1, 1995, if you are convicted in any court of this state for drug possession, drug sale, drug trafficking, or drug paraphernalia offenses as defined in Sections 13A-12-211 to 13A-12-260, inclusive, Ala. Code 1975, an additional fee of $100.00 will be assessed pursuant to Section 36-18-7, Ala. Code 1975.

☐ Other: _____

### RIGHTS YOU HAVE AND THE WAIVER OF YOUR RIGHTS

Under the Constitution of the United States and the Constitution and laws of the State of Alabama, you have a right to remain silent and you may not be compelled to give evidence against yourself. Your attorney cannot disclose any confidential talks he/she has had with you. You do not have to answer any questions. If you do answer questions knowing that you have a right to silence, you will have waived your right to remain silent.

You have the right to enter, or stand on if previously entered, a plea of "Not Guilty" or Not Guilty by Reason of Mental Disease or Defect," or "Not Guilty and Not Guilty by Reason of Mental Disease or Defect" and have a public trial before a duly selected jury. The jury would decide your guilt or innocence based upon the evidence presented before them. If you elect to proceed to trial, you would have the right to be present, you would have the right to have your attorney present to assist you, you would have the right to confront and cross examine your accuser(s) and all the State's witnesses, you would have the right to subpoena witnesses to testify on your behalf and to have their attendance in court and their testimony required by the court, and you would have the right to take the witness stand and to testify, but only if you chose to do so, as no one can require you to do this. If you elect to testify, you can be cross examined by the State just as any other witness is subjected to cross examination. If you elect not to testify, no one but your attorney will be allowed to comment about that fact to the jury. Your attorney is bound to do everything he/she can honorably and reasonably do to see that you obtain a fair and impartial trial.

If you elect to proceed to trial, you come to court presumed to be innocent. This presumption of innocence will follow you throughout the trial until the State produces sufficient evidence to convince the jury (or the court if the trial is non-jury) of your guilt beyond a reasonable doubt. You have no burden of proof in this case. If the State fails to meet its burden, you would be found not guilty.

If you are entering a guilty plea to a charge for which you have not yet been indicted, you are waiving indictment by a grand jury and you will be pleading guilty to a charge preferred against you by a District Attorney's Information filed with the court.

IF YOU PLEAD GUILTY, THERE WILL BE NO TRIAL. YOU WILL BE WAIVING THE RIGHTS OUTLINED ABOVE, EXCEPT YOUR RIGHTS RELATING TO REPRESENTATION BY AN ATTORNEY. THE STATE WILL HAVE NOTHING TO PROVE AND YOU WILL STAND GUILTY ON YOUR GUILTY PLEA. BY ENTERING A PLEA OF GUILTY, YOU WILL ALSO WAIVE YOUR RIGHT TO APPEAL, UNLESS (1) YOU HAVE, BEFORE ENTERING THE PLEA OF GUILTY, EXPRESSLY RESERVED THE RIGHT TO APPEAL WITH RESPECT TO A PARTICULAR ISSUE OR ISSUES, IN WHICH EVENT APPELLATE REVIEW SHALL BE LIMITED TO A DETERMINATION OF THE ISSUE OR ISSUES RESERVED, OR (2) YOU HAVE TIMELY FILED A MOTION TO WITHDRAW THE PLEA OF GUILTY AFTER PRONOUNCEMENT OF SENTENCE ON THE GROUND THAT THE WITHDRAWAL IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, AND THE COURT HAS DENIED YOUR MOTION TO WITHDRAW YOUR PLEA, OR THE MOTION HAS BEEN DEEMED DENIED BY OPERATION OF LAW.

IF YOU HAVE A RIGHT TO APPEAL UNDER ONE OF THE CONDITIONS ABOVE AND YOU ARE DETERMINED BY THE COURT TO BE INDIGENT, COUNSEL WILL BE APPOINTED TO REPRESENT YOU ON APPEAL IF YOU SO DESIRE AND IF THE APPEAL IS FROM A CIRCUIT COURT JUDGMENT OR SENTENCE, A COPY OF THE RECORD AND THE REPORTER'S TRANSCRIPT WILL BE PROVIDED AT NO COST TO YOU.

IF YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OR THE CONSEQUENCES OF PLEADING GUILTY, PLEASE LET THE COURT KNOW NOW AND FURTHER EXPLANATION WILL BE MADE.

_10-27-05_ / _11-1-05_     _[signature]_
Date                              Judge

### ATTORNEY'S CERTIFICATE

I certify that the above was read to the defendant by me; that I explained the penalty or penalties to the defendant, that I discussed in detail the defendant's rights and the consequences of pleading guilty; and that, in my judgment, the defendant understands the same and that he/she is knowingly, voluntarily, and intelligently waiving his/her rights and entering a voluntary and intelligent plea of guilty. I further certify to the court that I have in no way forced or induced the defendant to plead guilty and, to my knowledge, no one else has done so.

_10/27/05_     _[signature]_
Date                 Attorney

### DEFENDANT'S STATEMENT OF WAIVER OF RIGHTS AND PLEA OF GUILTY

I certify to the court that my attorney has read and explained the matters set forth above; that my rights have been discussed with me in detail and fully explained; that I understand the charge or charges against me; that I understand my rights, the punishment or punishments provided by law as they may apply to my case, and I understand the consequences of pleading guilty; that I am not under the influence of any drugs, medicines, or alcoholic beverages; and I have not been threatened or abused or offered any inducement, reward, or hope or reward to plead guilty other than the terms of the plea agreement which will be stated on the record.

I further state to the court that I am guilty of the charge to which I am entering a plea of guilty, that I desire to plead guilty, that I made up my own mind to plead guilty, and that I knowingly, intelligently, and voluntarily waive my right to a trial in this case. I further state to the court that I am satisfied with my attorney's services and his/her handling of my case.

_10/27/05_     _[signature]_
Date                 Defendant



Rob Carr AP

Sidney Williams, chairman of the state Board of Pardons and Paroles, left, urges special parole board member Don McGriff to sit down during a heated exchange between the two boards during a meeting Wednesday.

# Parole board meeting heats up

By Samira Jafari
The Associated Press


Legislature 2006

The state parole board confronted a member Wednesday who has publicly accused colleagues of deliberately suppressing parole cases in an effort to do away with the temporary second panel on which he serves.

Don McGriff, whose allegations against the board were published in the *Mobile Register* last week, said the reporter had misinterpreted his comments and that he had no direct evidence of cases being kept off dockets.

"I don't know that, but it would be nice to have an investigation," McGriff said.

Dewey English, managing editor at the *Register*, said the paper has not received complaints about the story and that "we're confident that the story fairly and accurately characterized Mr. McGriff's comments."

At one point in Wednesday's hearing, McGriff called the board a "circus" and got into a heated exchange with chairman Sidney Williams, who demanded that McGriff sit down after making his opening comments.

The second panel was established in 2003 to help expedite paroles for nonviolent offenders and alleviate prison overcrowding. The second board is a temporary entity set to expire Sept. 30.

McGriff has lobbied legislators to keep the second panel alive for another three years, a proposal sponsored by Sen. Hinton Mitchem, D-Albertville. The bill, which has been amended to extend the board's term to September 2007, has passed the Senate and awaits action in the House.

McGriff argued that the inmate population in the prisons is "not static," and that the second panel saved the state $12 million by paroling 1,000 inmates last year. To end the second panel would be a disservice to the prison system, which is at double its designed capacity with more than 27,000 inmates, he said.

But Bill Segrest, executive director of the Board of Pardons and Paroles, and the three members of the permanent board stressed that there are no longer enough cases to keep the second panel.