IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL D. ANDERSON, #156270, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-339-MHT |
| ) | |
| BOARD OF PARDONS AND PAROLES, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

In this 42 U.S.C. § 1983 action, Michael D. Anderson ["Anderson"], a state inmate, challenges the decision to deny him parole issued on February 14, 2007. Specifically, Anderson asserts that he was denied parole based on false information and due to his race. He seeks a new parole consideration hearing. Anderson lists the Board of Pardons and Paroles, Bob Riley, Governor of the State of Alabama, Richard Allen, Commissioner of the Alabama Department of Corrections, and the Office of the Attorney General for the State of Alabama as defendants. The Alabama Board of Pardons and Paroles is a state agency absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). The Office of the Attorney General is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, it is clear that neither Bob Riley nor Richard Allen participated in the parole review process which forms the basis of the instant complaint. The law is well settled that a defendant cannot be held liable

in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). Thus, Anderson has failed to name a defendant against whom his claims may properly proceed before this court. Accordingly, it is

ORDERED that on or before May 7, 2007 the plaintiff shall file an amended complaint which:

1. Names those individuals who personally participated in the decision to deny him parole.

2. Specifically describes how each named defendant violated his constitutional rights.

In responding to this order, the plaintiff is advised that he must set forth **short and plain statements** showing why he is entitled to relief. Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. The plaintiff is further advised that this case will proceed only against those defendants named and the claims presented in the amended complaint.

The plaintiff is cautioned that if he fails to comply with the directives of this order

the Magistrate Judge will recommend that this case be dismissed.

Done this 20th day of April, 2007.

      /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE