IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL D. ANDERSON, #156270, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-339-MHT |
| ) | [WO] |
| ) | |
| BOARD OF PARDONS AND ) | |
| PAROLES, et al., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael D. Anderson ["Anderson"], a state inmate, filed this 42 U.S.C. § 1983 action in which he argues that the Alabama Board of Pardons and Paroles denied him parole based on false information and due to his race. Upon review of the complaint, the court determined that Anderson "failed to name a defendant against whom his claims may properly proceed...." *Order of April 20, 2007 - Court Doc. No. 4* at 2. Anderson asserts that he was denied parole based on false information and due to his race. He seeks a new parole consideration hearing. Anderson lists the Board of Pardons and Paroles; Bob Riley, Governor of the State of Alabama; Richard Allen, Commissioner of the Alabama Department of Corrections; and the Office of the Attorney General for the State of Alabama as defendants. The Alabama Board of Pardons and Paroles is a state agency absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986). The Office of the Attorney General is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, it is clear that neither Bob Riley nor Richard Allen participated in the parole

review process which forms the basis of the instant complaint. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11thCir. 1995); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v.Turner*, 995 F.2d 1526, 1538 (11th Cir.1993). Thus, Anderson has failed to name a defendant against whom his claims may properly proceed before this court. In view of that failure, the court deemed it necessary that Anderson file an amended complaint and ordered that he do so. *Id*. The court specifically cautioned Anderson that his "fail[ure] to comply with the directives of this order" would result in entry of a recommendation "that this case be dismissed." *Id*. at 2-3. The time allowed Anderson for filing an amended complaint in compliance with the April 20, 2007 order expired on May 7, 2007. As of the present date, Anderson has failed to file the requisite amended complaint. The court therefore concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint in accordance with the order of this court.

It is further

ORDERED that on or before May 31, 2007 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be

considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 18th day of May, 2007.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE